1   Khushpreet R. Mehton, SBN 276827
    **ACCESSIBLE CALIFORNIA, APC**
2   2880 Zanker Road, Suite 203
    San Jose, CA 95134
3   Telephone: (408) 449-4505
    Facsimile: (408) 432-7235
4   Email:  kmehton@accessiblecalifornia.com

5
    Attorney for Plaintiff Adrian Gonzalez
6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ADRIAN GONZALEZ,                          CASE NO.:

12       Plaintiff,                           COMPLAINT FOR DAMAGES AND
                                              INJUNCTIVE RELIEF FOR DENIAL OF
13  v.                                        CIVIL RIGHTS AND ACCESS TO
                                              PUBLIC FACILITIES IN VIOLATION OF
14  CAPTOR RETAIL GROUP INC., a               TITLE III OF THE AMERICANS WITH
    California Corporation; CHAI CANNABIS     DISABILITIES ACT; VIOLATION OF
15  CO., INC., a California Corporation;      CALIFORNIA CIVIL CODE §§ 51,52;
    VOGEL AND VOGEL, LLC, a California        AND RELATED CODES AND
16  Limited Liability Company; and DOES 1-    REGULATIONS
    10, inclusive,
17                                            DEMAND FOR JURY
         Defendants.
18

19

20       Plaintiff, Adrian Gonzalez, alleges as follows:

21                          **I. PARTIES**

22       1.      This is a civil rights action by Plaintiff, Adrian Gonzalez ("Plaintiff") for

23  disability discrimination by Defendants: Captor Retail Group Inc., a California

24  Corporation; Chai Cannabis Co., Inc., a California Corporation; Vogel and Vogel, LLC, a

25  California Limited Liability Company; and Does 1-10, inclusive (collectively hereinafter

    "Defendants").

1    2.    Plaintiff is a San Benito County resident with physical disabilities.  Plaintiff

2  is the victim of a gunshot wound which damaged his spinal cord, and does not have use

3  of his legs. As such, Plaintiff uses a manual wheelchair when traveling about in public.

4  As such, Plaintiff's physical impairments substantially limit and/or affect one or more

5  major life activities such as standing, walking, reaching, and/or balancing. At all relevant

6  times, Plaintiff is and was a "person with a disability" and a "physically handicapped

7  person" within the meaning of the Americans with Disabilities Act and California

8  Government Code section 12926 and is a person whose rights are protected by these

9  laws.

10    3.    Plaintiff is informed and believes and thereon alleges that at all times

11  herein mentioned, Defendants were and currently are the owners, operators, lessees

12  and/or lessors of the One Plant Santa Cruz (formerly Chai Cannabis Co.) store and/or

13  real property and located at 3088 Winkle Avenue, Suite C, Santa Cruz, California 95065

14  ("the Facility").

15    4.    Plaintiff does not know the true names of Defendants, their business

16  capacities, their ownership connection to the property and business, or their relative

17  responsibilities in causing the access violations herein complained of and alleges a joint

18  venture and common enterprise by all such Defendants. Plaintiff is informed and

19  believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is

20  responsible in some capacity for the events herein alleged, or is a necessary party for

21  obtaining appropriate relief.  Plaintiff will seek leave to amend this Complaint when their

22  true names and capacities are ascertained.

23    5.    Plaintiff is informed and believes that each of the Defendants is and was

24  the agent, employee or representative of each of the other Defendants and performed

25  all acts and omissions stated herein within the scope of such agency or employment or

1  representative capacity and is responsible in some form or manner for the acts and

2  omissions of the other Defendants thereby proximately causing the damages

3  complained of herein.

4       6.    At all relevant times, all Defendants and each of them were legally

5  responsible to Plaintiff for each of their co-defendants' wrongs, acts, and omissions

6  alleged herein as though they had each committed each act themselves, and at all times

7  authorized, directed, and ratified the acts and omissions of each remaining defendant.

8  ## II.  JURISDICTION AND VENUE

9       7.    This Court has subject matter jurisdiction of this action pursuant to 28

10  U.S.C. §§ 1331 and 1343 for violations of the Americans with Disabilities Act ("ADA") of

11  1990, 42 U.S.C. § 12101, et seq.

12       8.    Pursuant to supplemental jurisdiction, an attendant and related cause of

13  action arising from the same nucleus of operative facts and arising out of the same

14  transactions is also brought under California's Unruh Civil Rights Act, which act

15  expressly incorporates the Americans with Disabilities Act.

16       9.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is based

17  on the fact that the Facility (*i.e.*, the real property) which is the subject of this action is

18  located in the Northern District of California and that Plaintiffs' cause of action arose in

19  the Northern District of California.

20  ## III.  SUMMARY OF FACTS

21       10.    Plaintiff lives in Hollister, CA and has patronized the Facility located at

22  3088 Winkle Avenue, Suite C, Santa Cruz, California 95065 several times during the

23  statutory period (*i.e.*, two years) including at least four (4) recent documented visits on

24  or about January 16, 2022, January 18, 2022, January 20, 2022, and January 22, 2022.

25  During his visits to the Facility Plaintiff encountered some or all of the following barriers

to access:

- There is no compliant van accessible disabled parking area at the Facility;
  - There is no tow away warning signage with vehicle reclaim information mounted at entrance(s) or visible at accessible parking.
  - Mounted signage is missing, or improper.
  - International Symbol of Accessibility ("ISA") on pavement is faded or illegible.
  - "NO PARKING" pavement markings in access aisle are faded or illegible.
  - Pavement markings, lines, and/or borders are faded or illegible.
  - On information and belief, the disabled parking area is not level with slopes and/or cross slopes exceeding 2.08%.
    - Plaintiff utilized the disabled parking space to park his vehicle during his visits to the Facility. He performed a manual transfer to and from his vehicle into and out of his wheelchair within the adjacent access aisle. At the Facility, the lack of a level disabled parking area makes it difficult for Plaintiff to transfer, load, or unload without his wheelchair rolling or moving during the process(es).  When Plaintiff's wheelchair moves or shifts, it creates apprehension that he may injure himself and places additional physical stress upon Plaintiff which makes transferring more difficult. Because Plaintiff utilizes this feature during each of his visits to the Facility, having an accessible parking area available to him is of great concern.

-4-
COMPLAINT FOR DAMAGES

1

2

- There is no compliant accessible route of travel from the disabled parking area to the entrance of the Facility.

3

4

  o The pavement markings for the designated route of travel are faded or illegible.

5

6

7

  o Current route of travel may also require disabled patrons to travel behind parked vehicles other than their own and/or through vehicular travel routes.

8

9

10

  o On information and belief, the current route of travel is not level with cross slopes exceeding 2.08% and/or directional slopes exceeding 5.0%.

11

12

13

14

15

16

17

    ▪ The slope of the current route of travel causes Plaintiff to exert additional force that would not otherwise be required to reach the accessible entrance of the facility. The lack of proper pavement markings makes the already precarious crossing more difficult as Plaintiff is required to pass through a vehicle right of way and/or encounter other vehicles entering or exiting the Facility.

18

- There is no compliant entrance and/or door to the Facility;

19

20

21

  o On information and belief, the main entrance threshold is not accessible and/or the second buzzer-operated entry door is too heavy and/or closes too fast.

22

23

24

25

    ▪ The gap at the entrance threshold and the weight and/or closing speed of the second buzzer-operated entry door makes it difficult for Plaintiff to maneuver into the main shopping area at the Facility as the door will hit his

COMPLAINT FOR DAMAGES

wheelchair as he is trying to pass through.

- There is no compliant accessible restroom at the Facility;

  - On information and belief, the restroom lacks sufficient clear floor space and/or maneuvering clearance.

    - Without an accessible restroom it becomes more difficult for Plaintiff to utilize the facilities to wash his hands or perform necessary bodily functions while having to navigate obstacles to his equal access. Plaintiff used the restroom at the Facility prior to his documented visits, however, the barriers to his access he encountered therein have deterred him from using the restroom on the documented visits or since.

11.     These barriers at the Facility prevented Plaintiff from being able to use the Facility in the same manner as an able-bodied person. As a result, these barriers at the Facility and the lack of accessibility caused Plaintiff to feel like a second-class citizen. In particular, Plaintiff enjoys visiting the Santa Cruz area as it is close to his home in Hollister and offers broader recreational, retail, and dining opportunities than Hollister. Plaintiff likes to visit the Facility because he enjoys the products there and prefers this retailer to other similar ones in the area. Plaintiff would like his future visits to the Facility to be more accessible so that they are more enjoyable for him. Plaintiff would also like to use the restroom and would like the Facility's features to be accessible to him and other disabled patrons. Unfortunately, on each of Plaintiff's visits to the Facility he was annoyed, embarrassed, disheartened, and frustrated by the difficulties he encountered there.

12.     Plaintiff believes there may be additional barriers to his access at the

COMPLAINT FOR DAMAGES

1  Facility that relate to his disability. Plaintiff intends to amend his complaint, if necessary,

2  to provide notice of any additional violations identified during a properly noticed site

3  inspection by his Certified Access Specialist (CASp). Accordingly, Plaintiff anticipates

4  seeking injunctive relief for all barriers to access which relate to his disability and are

5  identified during such an inspection. *See Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008).

6       13.    Plaintiff lives approximately 40 or so miles from the Facility and intends to

7  continue to visit the Facility to avail himself of the food, goods, and/or services offered

8  there, but will continue to be discriminated against until the barriers to his access are

9  removed. Of course, Plaintiff would prefer if Defendants would remove the barriers to

10  access so that he and other disabled patrons may enjoy full and equal access to the

11  Facility.

12       14.    Until the discriminatory policies, practices, and procedures of Defendants

13  are modified and changed, Plaintiff will continue to be denied full and equal access to

14  the goods and services offered by Defendants to the general public because he will

15  suffer ongoing discrimination and damages by being excluded and deterred from the

16  Facility.

17       15.    Plaintiff is informed, believes, and based thereon alleges that his individual

18  experiences of disability discrimination by Defendants are representative of Defendants'

19  overall failure to maintain adequate accessible facilities and/or adequate training of

20  employees as to the rights of customers with disabilities.

21       16.    The discriminatory treatment of Plaintiff by Defendants constitutes an

22  ongoing violation of both federal and state laws, and unless enjoined by this Court, will

23  result in an ongoing and irreparable injury to Plaintiff and other similarly situated

24  persons.

25

COMPLAINT FOR DAMAGES

1

2

**IV.  FIRST CLAIM**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 U.S.C. §12101 et seq.**

3

4

17.    Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 15, inclusive, as though fully set forth herein.

5

6

7

8

18.    Congress enacted the Americans with Disabilities Act (hereinafter "ADA") upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be "serious and pervasive social problems."  42 U.S.C. § 12101(a)(2).

9

10

11

12

13

19.    In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities."  42 U.S.C. § 12101(b)(1)-(2).

14

15

16

17

18

20.    Title III of the ADA provides in pertinent part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation."  42 U.S.C. § 12182(a).

19

20

21

22

23

24

21.    The ADA further provides that "it shall be discriminatory to afford an individual or class of individuals, on the basis of disability or disabilities of such individual class, directly, or through contractual, licensing, or other arrangement with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."  42 U.S.C. § 12182(b)(1)(A)(ii).

25

22.    Discrimination under the ADA includes "a failure to take such steps as may

1  be necessary to ensure that no individual with a disability is excluded, denied services,

2  segregated or otherwise treated differently than other individuals because of the

3  absence of auxiliary aids and services . . . ."  42 U.S.C. § 12182(b)(1)(A)(iii).

4      23.    The ADA further prohibits "a failure to make reasonable modification in

5  policies, practices, or procedures, when such modifications are necessary to afford such

6  goods, services, facilities, privileges, advantages, or accommodations to individuals with

7  disabilities . . ." 42 U.S.C. § 12182(b)(1)(A)(ii).

8      24.    By virtue of their acts and omissions herein alleged, Defendants have

9  violated Title III of the ADA as to Plaintiff.

10      25.    Pursuant to 42 U.S.C. § 12188(a), Plaintiff is entitled to declaratory and

11  injunctive relief, and to recover reasonable attorneys' fees and litigation costs and

12  expenses incurred in bringing this action.

### V.  SECOND CLAIM
### VIOLATION OF UNRUH CIVIL RIGHTS ACT
### CALIFORNIA CIVIL CODE § 51 et seq.

15      26.    Plaintiff realleges and incorporates by reference each and every allegation

16  contained in Paragraphs 1 through 24, inclusive, as though fully set forth herein.

17      27.    At all times herein mentioned, the Unruh Civil Rights Act, California Civil

18  Code §51(b), provided that:

19          All persons within the jurisdiction of this state are free and
20          equal, and no matter what their sex, race, color, religion,
        ancestry, national origin, disability, or medical condition are
        entitled to the full and equal accommodations, advantages,
21          facilities, privileges, or services in all business
        establishments of every kind whatsoever.
22

23  Pursuant to §51(f),

24          A violation of the right of any individual under the Americans
        with Disabilities Act of 1990 (Public Law 101-336) shall also
25          constitute a violation of this section.

COMPLAINT FOR DAMAGES

1    28.    Plaintiff is a person with a disability within the meaning of the Unruh Act.

2    29.    Defendants' business location (*i.e.*, the Facility) is a business
3    establishment within the meaning of the Unruh Act.

4    30.    Plaintiff suffered damages as above described as a result of Defendants'
5    violation of California Civil Code §§ 51(b) and 51(f) in multiple regards including, but not
6    limited to, denying Plaintiff the opportunity for full and equal access and enjoyment to
7    the Facility and the goods and services provided therein, in violation of both California
8    law and the ADA, as described in the Summary of Facts, *supra*, the contents of which
9    are incorporated herein.

10    31.    California Civil Code §52(a) provides that each such violation entitles
11    Plaintiff to "the actual damages, and any amount that may be determined by a jury, or a
12    court sitting without a jury, up to a maximum of three times the amount of actual damage
13    but in no case less than four thousand dollars ($4,000.00), and any attorney's fees that
14    may be determined by the court in addition thereto. . . ."

15    32.    On the subject occasions (*i.e.*, on or about January 16, 2022, January 18,
16    2022, January 20, 2022, and January 22, 2022) when Plaintiff attempted to obtain the
17    goods and services offered by Defendants, he was not allowed full and equal enjoyment
18    and access due to the refusal by Defendants to provide accommodation to and around
19    the Facility.  As a result, Plaintiff suffered unnecessary anxiety and panic, causing him to
20    feel humiliated, embarrassed, frustrated, and angry that he could not obtain full and
21    equal access to the services offered at the Facility simply because he was disabled.

22    33.    Plaintiff was damaged by Defendants' wrongful conduct and seeks
23    statutory minimum damages of four thousand dollars ($4,000.00) for each event of
24    discrimination and for each time Plaintiff has been deterred from returning to the
25    business together with attorney's fees and litigation costs and expenses.

1    WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

2    1.    That the Court issue a preliminary and permanent injunction directing

3  Defendants as the owners and/or operators of the Facility located at 3088 Winkle

4  Avenue, Suite C, Santa Cruz, California, 95065 to remove the aforementioned barriers

5  to Plaintiff's full and equal access and establish policies and procedures so that they

6  provide full and equal access to all persons, including persons with physical disabilities

7  as required by law.

8    2.    That the Court retain jurisdiction over the Defendants until such time as

9  the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions

10 complained of herein no longer occur, and cannot reoccur;

11   3.    That Plaintiff be awarded all appropriate damages, including but not limited

12 to statutory damages, general damages, special damages, punitive/exemplary damages

13 and treble damages in an amount within the jurisdiction of the Court, all according to

14 proof;

15   4.    That Plaintiff be awarded all of his reasonable statutory attorney's fees,

16 litigation expenses, and costs of this proceeding as provided by law;

17   5.    That Plaintiff be awarded prejudgment interest pursuant to Civil Code

18 §3291; and

19   6.    Such other and further relief as the Court deems just and proper.

20

Dated: August 18, 2022                    ACCESSIBLE CALIFORNIA, APC

21

22                                        By:  */s/ Khushpreet R. Mehton*          /
                                          KHUSHPREET R. MEHTON, ESQ.
                                          Attorney for Plaintiff Adrian Gonzalez
23

24

25

COMPLAINT FOR DAMAGES

1

**DEMAND FOR JURY**

2

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

Dated: August 18, 2022                    ACCESSIBLE CALIFORNIA, APC

4

5
By:  */s/ Khushpreet R. Mehton            /*
KHUSHPREET R. MEHTON, ESQ.
Attorney for Plaintiff Adrian Gonzalez

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES